[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
Date of Sentence August 15, 1994 Date of Application August 15, 1994 Date Application Filed August 15, 1994 Date of Decision July 25, 1995
Application for review of sentence imposed by the Superior Court for the Judicial District of Middlesex. Docket No. CR9-124221.
Kevin Randolph, Esq., Defense Counsel, for Petitioner.
Russell Zentner, Esq., Assistant State's Attorney for the State.
The petitioner was found guilty after a jury trial of sexual assault in the 4th degree in violation of C.G.S. § 53a-73a and risk of injury to a minor, a violation of C.G.S. § 53-21. He was sentenced to a term of one year on the first count and 10 years, execution suspended after 6 years on the second count to run concurrent with the first for a total effective sentence of 10 years suspended after 6 years and a five year period of probation with conditions. His previous criminal record consists of a misdemeanor conviction in 1975.
In the present case the Middletown Police responded to a report of a child having been sexually molested. The 12 year old victim's father reported his daughter had been abused by a close family friend. Upon interviewing the victim it was learned the victim had been sexually molested by the petitioner over a period of years commencing at her age 6 or 7. The assaults consisted of fondling her breasts and genitals, performing oral sex on her and having her perform oral sex on him, as well as sexual intercourse. The petitioner was found not guilty of a charge of sexual assault in the 1st degree.
We are asked to reduce the sentence to 10 years suspended CT Page 9228 after 4 years. The gravamen of the petitioner's claim to the Division is that the victim was not significantly affected by these acts since she was permitted to go on an out of state trip with another family friend when she was 13. Because the sentencing judge was concerned about the impact of the petitioner's sexual advances, we are told the trip out of state shows the impact was negligible. We find this argument to be without merit.
Events subsequent to sentencing are not relevant to our review. We examine the circumstances known to the trial court at the time sentence was imposed in order to determine if the sentence was excessive. Our review is governed by the provisions of Conn. Prac. Bk. § 942.
Counsel for the state notes that the petitioner was friendly with the father and the family, that he often served as a babysitter for the victim and that he began abusing this trust and the victim when she was only 6 years old. We are reminded that the trial court tried the case and had the opportunity to observe the witnesses, including the victim, before meting out the sentence. We are urged to affirm the sentence as originally imposed.
The notion advanced by petitioner's counsel that the victim, who suffered untold emotional, physical and psychological assaults at petitioner's hands, was unaffected is baseless. The victim's words at sentencing are worthy of note, not only for their truthful ring, but also because of the insight and pathos presented to the sentencing court: "[H]e took six years away from me. That's something that cannot be replaced, and it hurts and he's caused a lot of emotional problems." So deep were these emotional scars that she was hospitalized for a period of time. And the notion that the victim's subsequent life-style renders the original sentence as disproportionate is equally without foundation when considered in light of the petitioner's actions beginning when the victim was six years of age.
In view of all the factors presented to the trial judge in this case, the Division finds the sentence was not excessive or disproportionate.
Sentence affirmed.
Stanley, J.
Purtill, J. CT Page 9229
Norko, J.
Stanley, J. Purtill, J. and Norko, J. participated in this decision.